IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KAREN SUE DORNBUSH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 3:09-cv-65-DRH-DGW |
| DENNY SMITH, | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for Writ of Habeas Corpus filed by Karen Sue Dornbush pursuant to 28 U.S.C. § 2241, and on the Respondent Denny Smith's Motion to Dismiss filed on July 20, 2011. For the reasons set forth below, it is **RECOMMENDED** that the Respondent's Motion to Dismiss be **GRANTED**, that the case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Petitioner Karen Sue Dornbush pleaded guilty to one count of possessing ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Doc. 13-1, p. 1). The District Court for the District of Kansas sentenced Dornbush to 78 months imprisonment (Doc. 13-1, p. 2). She began serving her sentence in the Federal Bureau of Prisons ("BOP") in 2006.

On April 8, 2008, Dornbush filed an Attempt at Informal Resolution (subtitled Request for

Administrative Remedy). She stated that due to the nature of her offense, BOP regulations categorically (and unfairly) excluded her from eligibility for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B), upon successful completion of the Residential Drug Abuse Program ("RDAP").[1] She requested that her eligibility for early release be determined on a subjective, not categorical basis. Dornbush believed she was entitled to the one-year sentence reduction because the facts underlying her offense showed no violence, and she was in need of drug treatment (Doc. 13-1, p. 18). The Unit Manager responded on April 18, 2008, informing Dornbush that the prison unit team did not have the authority to override the BOP policy (Doc. 13-1, p. 19). On May 13, 2008, Dornbush's Request for an Administrative Remedy was denied. The Regional Director denied Dornbush's request for a Regional Adminstrative remedy on June 16, 2008, because Dornbush had not yet interviewed for admission into the RDAP program. The Administrator for National Inmate Appeals denied her request on September 5, 2008, because a decision regarding her eligibility for the RDAP program had not yet been made (Doc. 13-1, pp. 24-26).

Simultaneously, Dornbush sought an interview for the RDAP (Doc. 13-1, p. 10). On June 30, 2008, Dornbush was informed that she was eligible for participation in the RDAP, but was not eligible for a sentence reduction under the BOP regulation (Doc. 13-1, pp. 11-13).

*Petition for Writ of Habeas Corpus*

On September 25, 2008, Dornbush filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Central District of Illinois. On October 21, 2008, she filed a Motion for Determination of Early Release Eligibility (Doc. 4), which the Court construed as an amended petition. The petition stated three grounds for relief: 1) Petitioner should be entitled to a one-year

---

[1] BOP Program Statement P5162.05 categorizes firearms offenses under 18 U.S.C. §922(g) as "crimes of violence." The statute authorizing sentence reduction limits eligibility to inmates who committed nonviolent offenses. 18 U.S.C. §3126(e)(2)(B).

sentence reduction upon successful completion of RDAP, despite her firearms offense; 2) Pekin Federal Prison Camp routinely waits until the last 17 to 19 months of an offender's sentence to determine the length of placement in a Residential Re-entry Center, which is prejudicial to an inmate eligible for a sentence reduction under the statute; and 3) the BOP regulation establishing that offenses under 18 U.S.C. § 922(g) are violent offenses and therefore excluded from the sentence reduction was enacted in violation of the Administrative Procedures Act.

Respondent filed a response to the amended petition on January 9, 2009 (Doc. 13). Respondent argued first, that Dornbush had exhausted her administrative remedies only as to the third ground for relief, and that other grounds for relief should be dismissed for failure to exhaust administrative remedies. Respondent next argued that any challenge to BOP regulations is properly raised only in a suit under the Administrative Procedures Act, not the habeas statute. Even so, Respondent argued that the challenge to the regulation failed on its merits.

On January 21, 2009, the case was transferred to this Court for disposition (Doc. 15). On August 26, 2010, Respondent filed a Supplemental Response to the Petition (Doc. 25). Respondent asserted that Petitioner began participation in the RDAP program on April 20, 2009, but voluntarily withdrew from the Follow-Up Treatment part of the program on April 16, 2010. Because she did not "successfully complete" the RDAP program, she would not be eligible for early release regardless of her offense. Respondent thus argued that because she withdrew from participating in RDAP, there is no longer a ripe case or controversy for the court to decide, and the petition should be denied.

On July 20, 2011, Respondent filed a Motion to Dismiss the Petition as Moot (Doc. 27). Respondent argued that Dornbush was released from prison on July 18, 2011. As a result, she

currently experiences no continuing adverse consequences. Thus her petition is moot.

### CONCLUSIONS OF LAW

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless she is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (*citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989)). Therefore, an imate who is released while her petition for writ of habeas corpus is pending, meets the "in custody" requirement; her release does not necessarily render his petition moot.

To remain valid, however, a petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). After a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued case or controversy. *Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

Under 18 U.S.C. §3621(b), the Bureau of Prisons is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." As an incentive for inmates to participate in the program, the statute authorizes the BOP to reduce the sentence of a prisoner who successfully

completes the RDAP program: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. §3621(e)(2)(B).

Respondent has demonstrated that prior to her release Petitioner Dornbush voluntarily withdrew from RDAP on April 26, 2010, before successfully completing the program (Doc. 25-1, Exhs. A & B). Under the plain language of the statute, which requires an inmate to "successfully complet[e]" the treatment program to receive a sentence reduction, Dornbush became ineligible for early release after she voluntarily withdrew in April 2010. Dornbush did not complete the program, thus the statute no longer applied to her. Because she was no longer eligible for a sentence reduction, the BOP's failure to grant her early release did not constitute an injury.

As stated above, a habeas petition becomes moot when the petition no longer presents a live case or controversy. Absent a showing of a concrete or continuing injury or of other "collateral consequences," the petition does not present a live case or controversy. Moreover, Dornbush has now been released; she is no longer in BOP custody. As such, the Court is unable to order Dornbush released, or provide her with any other form of effective relief. Therefore, based upon her ineligibility for early release under the statute, and the Court's inability to provide her any other relief, the Court recommends dismissal of the petition as moot.

## Conclusion

Therefore, based on all the foregoing, it is **RECOMMENDED** that the Motion to Dismiss filed by Respondent Smith be **GRANTED**, that the case be dismissed, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 22, 2011**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**